JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-342-JST (MLGx)                                              Date:  March 17, 2011
Title:  PD Property Investments, LLC v. Santiago Torres

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

    Ellen Matheson                                                                       N/A
    Deputy Clerk                                                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                                                   Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2011-00452509**

On February 23, 2011, Plaintiff PD Property Investments, LLC commenced this unlawful detainer action in Orange County Superior Court.  On March 2, 2011, Defendant Santiago Torres filed his Notice of Removal.  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

On removal, a defendant can establish subject matter jurisdiction through federal question jurisdiction, 28 U.S.C. section 1331, or diversity jurisdiction, 28 U.S.C. section 1332.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  Diversity jurisdiction exists when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State" and "the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 89 (2005); 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 11-342-JST (MLGx) | Date:  March 17, 2011 |
| Title:  PD Property Investments, LLC v. Santiago Torres | |

     Here, Plaintiff's Complaint does not assert any federal claims.  Moreover, it does not appear from any pleading that the parties are diverse, and, regardless, the Complaint seeks relief in an amount less than $10,000.  Hence, there is neither federal question nor diversity jurisdiction.  For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case.  This case is therefore REMANDED to Orange County Superior Court, Case No. 30-2011-00452509.

     IT IS SO ORDERED.

                                                        Initials of Preparer:  jcb